# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | | |
|---|---|---|
| IBEW LOCAL 13 RETIREMENT FUND, et al., | * * * | CIVIL NO. 4:10-CV-00093-JAJ-TJS |
| Plaintiffs, | * * | |
| v. | * * | **REPORT AND RECOMMENDATION** |
| AMES ELECTRIC, INC., WESLEY AMES and DAVID ACKLAND, | * * * | |
| Defendants. | * | |

## I. INTRODUCTION

This action to collect fringe benefit contributions, union dues and vacation contributions pursuant to the Employee Retirement Income Security Act of 1974 and the Labor Management Relations Act is brought by Plaintiffs IBEW Local 13 Retirement Fund, et al., against Defendants Ames Electric, Inc., David Ackland and Wesley Ames. With regard to Ackland and Ames, Plaintiffs allege the Defendants tortiously converted funds owed to the IBEW Local Union No. 13 and IBEW Local Union No. 13 Vacation Plan. On May 10, 2011, United States District Judge John A. Jarvey declared Ackland to be in default. (Clerk's No. 25). Judge Jarvey referred the matter to the undersigned magistrate judge for the purpose of holding any appropriate hearings and issuing a Report and Recommendation on the amount of the proposed judgment. *Id.* As set forth in the following report, Plaintiffs have provided sufficient evidence to prove the amount of damages sought against Ackland in this action. Consequently, the undersigned magistrate

judge recommends the Court award $11,284.39 in actual damages to IBEW Local Union No. 13 and $5,761.50 in actual damages to IBEW Local Union No. 13 Vacation Plan.

## II. REPORT

On March 8, 2010, Plaintiffs filed this action against Ames Electric, Inc. ("Ames Electric") pursuant to §§ 1132 and 1145 of the Employee Retirement Income Security Act of 1974 ("ERISA") and § 185 of the Labor Management Relations Act ("LMRA"). (Clerk's No. 1). On April 20, 2011, Plaintiffs amended the complaint to include David Ackland and Wesley Ames, who are Ames Electric officers and shareholders. (Clerk's No. 4). Plaintiffs allege Ames Electric breached its collective bargaining agreements between Ames Electric and the Union by failing to make monthly fringe benefit contributions to various funds from September 2009 through February 2010 and failing to remit authorized payroll deductions it withheld from the paychecks of Ames Electric employees from September 2009 through June 2010. *Id.* As per the collective bargaining agreements, Ames Electric was to forward these payroll deductions to the IBEW Local Union No. 13 ("Union") for local union dues and to the IBEW Local Union No. 13 Vacation Plan ("Vacation Plan"). *Id.* The Amended Complaint alleges that Ackland and Ames tortiously converted the funds owed by Ames Electric to the Union and the Vacation Plan. *Id.*

On September 16, 2010, Nancy Wood, counsel to Ames Electric, Ames and Ackland, submitted a motion to withdraw as counsel for the Defendants, citing a conflict of interest between Ames and Ackland due to Ackland's resignation from Ames Electric.

(Clerk's No. 14). On October 25, 2010, in response to Wood's motion, the undersigned magistrate judge ordered each Defendant shall have new counsel enter an appearance no later than November 12, 2010 before the magistrate judge would grant Wood's motion. (Clerk's No. 15). On November 1, 2010, Wood filed a Status Report with the Court which was accompanied with a copy of a letter sent to Ackland's attorney, Richard Fehseke, explaining her Motion to Withdraw as Counsel and noting the ordered November 12 deadline. (Clerk's No. 16). On December 21, 2010, the undersigned magistrate judge, finding that none of the Defendants had yet to comply with the October 25 Order, ordered Defendants to show just cause by January 7, 2011 as to why the Court should not recommend default judgment be entered against each Defendant. (Clerk's No. 17).

On December 23, 2010, both Ames Electric and Ames filed a notice of filing bankruptcy with the Court. (Clerk's No. 19). Meanwhile, the January 7 deadline passed without any showing of just cause from Ackland as to why default judgment should not be recommended against him. (*See* Clerk's No. 24). On February 23, 2010, the undersigned magistrate judge granted Wood's Motion to Withdraw as Counsel, and ordered Ackland to advise the Court whether he shall proceed pro se or have counsel enter an appearance on his behalf by March 18, 2011. (Clerk's No. 23). On March 22, 2011, the undersigned magistrate judge entered a Report and Recommendation recommending default be entered against Ackland as a result of his failure to respond to the Court in any way. (Clerk's No. 24). On May 10, 2011, Judge Jarvey declared Ackland

to be in default and referred the matter to the undersigned magistrate judge for the purpose of issuing a Report and Recommendation on the amount of the proposed judgment. (Clerk's No. 25).

On May 11, 2011, the undersigned magistrate judge issued a text order scheduling an evidentiary hearing regarding the amount of a proposed judgment against Ackland. (Clerk's No. 26). On May 18, 2011, Plaintiffs filed a motion for leave to file a motion to submit a written report for damages. (Clerk's No. 27). The undersigned magistrate judge issued a text order that same day granting Plaintiffs' motion. (Clerk's No. 28).

On June 10, 2011, Plaintiffs filed a Motion in Support of Damages seeking against Ackland the amounts of $11,284.39 in actual damages to the Union and $5,761.50 in actual damages to the Vacation Plan. (Clerk's No. 29). The motion is accompanied by an affidavit of John Weyer, the Business Manager and Financial Secretary for the Union (Clerk's No. 29-1), a letter of assent signed by Ackland authorizing the Southeast Iowa Chapter National Electrical Contractor's Association ("NECA") to serve as Ames Electric's collective bargaining representative (Clerk's No. 29-2), the two agreements between the Union and NECA binding Ames Electric to the terms of the agreements (Clerk's No. 29-3; Clerk's No. 29-4), and worksheets illustrating the amounts owed by Ames Electric (Clerk's No. 29-5).

### III. FINDINGS OF FACT

The collective bargaining agreements entered into between the Union and Ames Electric require Ames Electric withhold authorized payroll deductions on behalf of the

employees and remit those deductions to the Union as dues at a rate of four percent (4%) of the gross wages. The collective bargaining agreements also require that Ames Electric withhold certain authorized payroll deductions and remit those deductions to the Vacation Plan at a rate of sixty-cents per hour worked by employees under the first bargaining agreement. At all times during the months of September 2009, through June 2010, the collective bargaining agreements between the Union and Ames Electric were in effect. During the months of September 2009, through June 2010, authorized payroll deductions were withheld from the paychecks of Ames Electric employees, but were never forwarded to the Union or the Vacation Plan. The total amount of authorized payroll deductions which were withheld but never forwarded to the Union as union dues is $11,284.39. The total amount of authorized payroll deductions which were withheld but never forwarded to the Vacation Fund is $5761.50.

## IV. LAW AND ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) Entering a Default Judgment.
>   (1) By the Clerk.
>   If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk - on the plaintiff's request, with an affidavit showing the amount due - must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

> (2) By the Court.
> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals - preserving any federal statutory right to a jury trial - when, to enter or effectuate judgment, it needs to:
>> (A) conduct an account;
>> (B) determine the amount of damages;
>> (C) establish the truth of any allegation by evidence; or
>> (D) investigate any other matter.

FED. R. CIV. P. 55(a)-(b). "'If the court determines that the defendant is in default, his liability to the plaintiff is deemed established and the plaintiff is not required to establish his right to recover. The allegations of the complaint except as to the amount of damages are taken as true.'" *Brown v. Kenron Aluminum & Class Corp.*, 477 F.2d 526, 531 (8th Cir. 1973) (citing 3 BARRON & HOLTZOFF, FEDERAL PRACTICE & PROCEDURE § 1216 (3d ed. 1958)). "[In] civil litigation between private parties, a party entitled to judgment by default is required to prove the amount of damages that should be awarded." *Oberstar v. F.D.I.C.*, 987 F.2d 494, 505 n.9 (8th Cir. 1993). Plaintiffs must prove their damages by a preponderance of the evidence. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (affirming district court's decision not to award damages after default judgment hearing where damages were "speculative and not proven by a fair preponderance of the evidence."). Upon default a court may establish damages "by taking

evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly." *Pope v. United States*, 65 S. Ct. 16, 22 (1944).

This report will analyze the damages requests of the Union and the Vacation Plan separately.

A.  **The Union Dues**

Plaintiffs request the Court to award the Union $11,284.39 in actual damages. (Clerk's No. 29). The undersigned magistrate judge recommends judgment in that amount. In support of this request Plaintiffs have submitted Exhibit A, Affidavit of John Weyer, which refers to the letter of assent, two agreements, worksheets and transmittal forms. (Clerk's No. 29). Article III <u>Section 3.07</u> of the first collective bargaining agreement between the Union and NECA provides the following:

> **PAYDAY:**
> <u>**Section 3.07.**</u> Payday must be weekly and each employee must be paid at the job site, at least one (1) hour before quitting time on any day of the week so decided by the Employer. If payment is not made on the job site, the employee shall be paid waiting time at the regular rate until payment is made. *The Employer agrees to deduct and forward to the Financial Secretary of the Local Union #13 upon receipt of a voluntary written authorization card the additional working dues from the pay of each IBEW member. The amount to be deducted shall be the amount specified in the approved Local Union Bylaws.* Such amount shall be certified to the Employer by the Local Union upon request by the Employer.

(Clerk's No. 29-3 p. 10) (emphasis added). In his sworn Affidavit, Weyer states that the dues are to be paid to the Union at a rate of four percent (4%) of the gross wages. (Clerk's

No. 29-1 ¶9). Plaintiffs have provided the transmittal forms for monthly payroll funds reporting which indicate the gross wages for each month from September 2009 through June 2010. (Clerk's No. 29-5). These transmittal forms are maintained in the routine course of the Funds' operation. (Clerk's No. 29-1 ¶16). Plaintiffs have also provided a worksheet totaling the gross wages during this time period and the amount of money Ames Electric withheld from employees' paychecks for union dues. (Clerk's No. 29-5). The worksheet indicates that the gross wages during this time period totaled $282,109.73 and the amount deducted from the wages for union dues totals $11,284.39, or four percent of $282,109.73. *Id.*

This magistrate judge believes Plaintiffs have provided the Court with sufficient evidence to calculate the damages it should award to the Union. On the basis of the aforementioned documents and figures, the undersigned magistrate judge recommends the Union be awarded a dollar amount equal to four percent (4%) of the gross wages, which computes to $11,284.39.

### B. The Vacation Plan Funds

Plaintiffs request that the Court award the Vacation Plan $5761.50 in actual damages. (Clerk's No. 29). The undersigned magistrate judge recommends judgment in that amount. Article III Section 3.18 of the first collective bargaining agreement between the Union and NECA provides the following:

> **Section 3.18.** Each employee shall participate in the Vacation Fund as agreed upon between the parties to this Agreement. *After receiving written authorization from the employee, the Employer shall withhold an amount equal to sixty-cents (60¢)*

> *for each hour worked from his net weekly pay*. The payment
> and report shall be mailed to reach the designated office not
> later than fifteen (15) days following the end of each calendar
> month. The funds shall be forwarded to the Iowa Receiving
> Trust Fund and shall then be deposited in a financial
> institution and credited to the individual employee's account.

(Clerk's No. 29-3 p. 13) (emphasis added). The transmittal forms for monthly payroll funds reporting from the months of September 2009 through June 2010 provided by Plaintiffs indicate the total number of hours worked by employees under the first agreement and the amount of funds withheld for the Vacation Fund. (Clerk's No. 29-5). Plaintiffs also provide a chart totaling the number of hours and amount of Vacation Plan funds withheld. *Id.* The total amount of funds withheld for the Vacation Fund ($5,761.50) accurately reflects the number of hours worked by employees under the first agreement (9,602.5 hours).

This magistrate judge believes Plaintiffs have provided the Court with sufficient evidence to calculate the damages it should award to the Vacation Plan. On the basis of the aforementioned documents and figures, the undersigned magistrate judge recommends the Vacation Plan be awarded a dollar amount equal to sixty-cents for every hour worked by an employee subject to the first collective bargaining agreement, which computes to $5761.50.

## V. RECOMMENDATION

For the reasons stated above, and pursuant to Federal Rule of Civil Procedure 55(b)(2), it is recommended that the Union be awarded $11,284.39 in actual damages for dues and the Vacation Plan be awarded $5761.50 in actual damages.

**IT IS ORDERED** that, pursuant to 28 U.S.C. § 636(b)(1), the parties have to and including **July 25, 2011**, in which to file written objections, unless an extension of time for good cause is obtained. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990). Such extensions will be freely granted. Any objections must specify the specific portions of this Report and Recommendation to which objections are made, and set forth the basis for such objections. *See* Fed. R. Civ. P. 72. Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. *Thompson*, 897 F.2d at 357.

Dated July 6, 2011.

_____
THOMAS J. SHIELDS
CHIEF U.S. MAGISTRATE JUDGE